3:13-cv-87 (AVC) February 18, 2014. The plaintiff's motion to compel production responses is GRANTED in part and DENIED in part.

This is an action for damages and equitable relief in which the plaintiff, John Schwarzkopf, Jr., asserts Sikorsky Aircraft Corp., terminated his employment based on his age and his alleged disability.[1]  The plaintiff requests the "personnel files of the six (6) employees who were retained as Gear Room Supervisors instead of the plaintiff and/or who replaced him and/or assumed his duties during his medical leave and after his termination. (Request No. 6)."

The plaintiff argues he "narrowly tailored the request to seek only the files of those six (6) employees who are similarly situated to" him. Specifically, the plaintiff argues that "he has also demonstrated that the information within the files is relevant because it can be used by the plaintiff to establish disparate treatment and pretext." The plaintiff argues "confidentiality concerns are without merit since the plaintiff has already agreed to treat any and all such files as 'confidential' under the governing Stipulated Protective Order," and that "although non-party employees certainly have legitimate interests in maintaining the privacy of their respective personnel records . . . such privacy interests and confidentiality concerns do not provide a basis for a defendant employer to refuse to provide such relevant records. . . ."

The defendant responds that the general manager who selected employees, including the plaintiff, for termination, "did not see the gear room supervisors' personnel files," and, as such, "those documents are not relevant to Plaintiff's pretext argument." Specifically, the defendant argues "[b]ecause the personnel files are not relevant to Plaintiff's claims, they are not within the scope of permissible discovery, and Plaintiff's motion to compel their production should be denied." The defendant also argues "[e]ven if the personnel files were relevant, confidentiality concerns would still place them outside the scope of permissible discovery" because it "would unduly intrude upon the privacy of non-parties."

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that

---

[1] All in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 et seg., the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. §12101 etseq.. as amended, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §46a-60(a) et seg.

reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" <u>Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co.</u>, 964 F.2d 106, 114 (2d Cir.1992) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978)).

    The court concludes that the request for production no. 6 appears reasonably calculated to lead to the discovery of admissible evidence and, therefore, the motion to compel with respect to these documents is GRANTED. The parties shall continue to adhere to the agreements of the joint protective order with respect to non-party confidential information. Request for production no. 31 and request to compel no. 14 are denied as moot.[2]

SO ORDERED.

                                                  /s/
                                    Alfred V. Covello, U.S.D.J.

---

[2] The plaintiff states that based on the defendant's representation that LDR tool documents do not exist, the "plaintiff withdraws his motion to compel such LDR documents (Request No. 31) and also his request to compel the Guidelines/Instructions for the LDR tool. (Request No. 14) In addition, following the filing of the motion to compel, the defendant produced the Guidelines/Instructions for the PET tool. (Request No. 14)."